IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,078-01






EX PARTE OSCAR GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 02-07-0029-CRA IN THE 81ST JUDICIAL DISTRICT COURT
OF ATASCOSA COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of driving while intoxicated, and punishment was assessed at three years'
confinement. No direct appeal was taken.

 Applicant contends that he is being improperly classified as ineligible for mandatory
supervision because of a prior conviction for third degree aggravated assault. Because third
degree aggravated assault was not on the list of non-mandatory-supervision-eligible offenses
at the time he committed the instant offense, Applicant argues that the prior conviction
cannot provide the basis for denying him mandatory supervision eligibility for this offense.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from TDCJ-ID and the Texas Board of Pardons and Paroles,
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant is in fact designated as ineligible for mandatory supervision for this
offense, and if so, on what basis. If Applicant is classified as ineligible for mandatory
supervision because of his 1991 conviction for third degree aggravated assault, the trial court
shall make findings as to why. If Applicant has other convictions that would render him
ineligible for mandatory supervision for the instant offense, the trial court shall include the
indictment(s) and judgment(s) from any such offenses with its findings to this Court. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8TH DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.